**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**BECKLEY DIVISION**

| | | |
|---|---|---|
| **CHRISTIAN CASTRO,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Civil Action No. 5:25-00621** |
| **v.** | ) | |
| | ) | |
| **ACTING WARDEN HOWELL, *et al.*,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**PROPOSED FINDINGS AND RECOMMENDATION**

On December 17, 2025, Plaintiff, acting *pro se*,[1] filed his Application to Proceed Without Prepayment of Fees and Costs and Amended Complaint for alleged violations of his constitutional and civil rights pursuant Bivens v. Six Unknown Federal Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999, 24 L.Ed.2d 619 (1971) and negligent conduct pursuant to Federal Tort Claims Act [FTCA], 28 U.S.C. §§ 1346(b) and 2671, *et seq*. (Document Nos. 8 and 9.) In his Amended Complaint, Plaintiff names the following as Defendants: (1) Acting Warden Howell, FCI Beckley; (2) Lt. Atakar, Chief Pharmacist at FCI Beckley; (3) Melissa Crawford, Health Services Administrator at FCI Beckley; and (4) Officer Atwell, Correctional Officer at FCI Beckley. (Document No. 9, pp. 1 – 2, 6.) Plaintiff asserts that "all four Defendants knowingly and deliberately caused [Plaintiff] harm by interfering" with his medication in violation of his rights under the Eighth and Fourteenth Amendments. (Id., p. 9.) As relief, Plaintiff requests monetary

[1] Because Plaintiff is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer, and therefore they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). The undersigned specifically notified Plaintiff that his Amended Complaint would supersede any prior Complaints and Addendums, and there must be one integrated document that would provide the defendants with notice of the claims and allegations against them. (Document No. 5.)

damages. (Id., p. 5.)

Concerning Defendant Howell, Plaintiff states he "is being named for respondeat superior, failure to protect, 8th & 14th Amendment violations, Monell claim, negligence by and through all Defendants, and intentional infliction of emotional distress." (Id., p. 4.) Plaintiff explains that Defendant "Howell was notified of [Plaintiff's] medical condition known as mesial temporal sclerosis (MTS) when [Plaintiff] emailed [Defendant Howell] regarding compassionate release." (Id.) Plaintiff further asserts that since Defendant Howell "personally oversees Health Services," Defendant Howell "may have known of [Plaintiff's] hospitalization back in early September (9/__/2025) when [Plaintiff] was in an ICU at the local hospital for a severe seizure." (Id., p. 6.) Plaintiff alleges that Defendant Howell violated his Eighth Amendment rights "by allowing the pharmacy to take away [Plaintiff's] self-carry medicine in September 2025, forcing [Plaintiff] to suffer a severe seizure where [Plaintiff] was placed in the ICU on life support and where [Plaintiff] almost died." (Id.) Plaintiff states Defendant Howell's action caused Plaintiff's parents to suffer emotion distress by seeing Plaintiff "almost lifeless and having to make a decision of 'turning off the machines.'"[2] (Id., p. 7.) Plaintiff states that his "Monell claim" against Defendant Howell is

---

[2] To the extent Plaintiff is asserting that Defendants' conduct subjected his parents to emotional distress, Plaintiff may not pursue claims on behalf of his parents. Appearances and representations in federal court are limited to parties proceeding with counsel or acting *pro se*. *See* 28 U.S.C. § 1654. Individuals or non-attorneys have a statutory right pursuant to 28 U.S.C. § 1654 to prosecute their own cases *pro se* in federal courts. 28 U.S.C. § 1654("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein."); *also see Faretta v. California*, 422 U.S. 806, 825, 834, 95 S.Ct. 2525, 2536-41, 45 L.Ed.2d 562 (1975)(Stating that Section 1654 "guarantee[s] a choice between representation by counsel and the traditional practice of self-representation."); *Myers v. Loudoun County Public Schools*, 418 F.3d 395, 400 (4th Cir. 2005)("An individual unquestionably has the right to litigate his own claims in federal court . . ..) "The right to litigate for *oneself*, however, does not create a coordinate right to litigate for *others*." *Myers*, 418 F.3d at 400(emphasis in original)(holding that generally a parent may not proceed *pro se* on behalf of his or her child); *also see Osborne v. Bank of the United States*, 22 U.S. 738, 6 L.Ed. 204 (1824)(A corporation can appear only by an attorney, while a natural person may appear

based upon the following: (1) Failing "to discipline the medical department for their actions back in September 2025;" (2) Allowing Defendant Atwell "to falsify a misconduct report which placed [Plaintiff] is segregation for over 30 days;" and (3) "Failure to train his staff on Americans with Disabilities and their medical needs." (Id.) Plaintiff asserts that Defendant Howell acted with negligence due to his "non-actions to assist in the prevention of the violations above." (Id.)

Concerning Defendant Atakar, Plaintiff states she is "named here for her gross negligence and an 8th Amendment violation for cruel punishment." (Id.) Plaintiff alleges on "in September 2025 (9/__/2025) during a lockdown, [Defendant] Atakar approached [Plaintiff's] door telling [Plaintiff] she was going to need [Plaintiff's] self-carry medications which prevents the seizures [Plaintiff] has due to [his] MTS." (Id.) Plaintiff concludes that Defendant "Atakar is well aware of the consequences of not talking these pills." (Id.) Plaintiff further states that he "explained that [he] needed to keep them as [he] can feel the onset of a seizure." (Id.) Plaintiff asserts that Defendant Atakar stated "she had no time for [Plaintiff's] tantrums" and "I don't care if you have a seizure." (Id., pp. 7 – 8.) Plaintiff concludes that this "shows deliberate indifference and falls under cruel and unusual for her actions caused me to have a severe seizure placing me on life support almost dead." (Id., p. 8.) Plaintiff contends that "[a]s the Chief Pharmacist she must be

---

for himself.) The Fourth Circuit has explained that "we consider the competence of a layman representing himself to be clearly too limited to allow him to risk the rights of others." *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975)(finding that an individual may not proceed *pro se* on behalf of a class of plaintiffs); *also see Guest v. Hansen*, 603 F.3d 15, 20 (2nd Cir. 2010)("The law contains so many esoteric pitfalls for an untrained advocate . . . that the risk of inadvertent waiver or abandonment of an issue is too high for us to allow a *pro se* litigant to represent another person."). Additionally, it is "unlawful for any natural person to practice or appear as an attorney-at-law for another in a court of record in this state . . . without first having been duly and regularly licensed and admitted to practice law in a court of record in this state." W. Va. Code § 30-2-24. To the extent Plaintiff is claiming intentional infliction of emotion distress on behalf of himself, Plaintiff's claim is conclusory and insufficiently pled. *See Travis v. Alcon Labs, Inc.*, 504 S.E.2d 419, 425 (W.Va. 1998).

trained on different medications and the sudden stop." (Id.) Plaintiff alleges that Defendant Atakar's "gross mismanagement of [Plaintiff's] healthcare" was the "direct cause for [Plaintiff's] seizure." (Id.)

Concerning Defendant Crawford, Plaintiff states that she "learned of [Plaintiff's] medical condition back in 2023 and failed to inform [Plaintiff]." (Id., p. 8.) Plaintiff claims that "[a]s a registered nurse and the head of medical, she knew the consequences of taking away [Plaintiff's] medication and allowed the removal of [Plaintiff's] pills." (Id.) Plaintiff concludes that "[t]his also falls under failure to protect, Monell claim, 8th and 14th Amendment claim and gross mismanagement of my healthcare along with gross negligence." (Id.) Plaintiff asserts that Defendant Crawford's "actions helped the cruel punishment that put [Plaintiff] in the coma and scarred [Plaintiff] for life." (Id.)

Concerning Defendant Atwell, Plaintiff states that he denied Plaintiff access to his seizure medications and "committed fraud on a misconduct report" on or about October 14, 2025. (Id.) Plaintiff alleges that the fraudulent "misconduct report" resulted in Plaintiff being placed in segregation "where [Plaintiff] eventually had another seizure placing [him] back in the hospital." (Id., p. 9.) Plaintiff concludes that "[t]his is clearly an 8th Amendment violation for denying medication prescribed by a doctor, [which] is not a correctional officer's duty." (Id.) Plaintiff states that "[f]ive witnesses had heard [Defendant Atwell] commit this fraud." (Id.) Plaintiff contends that "[t]he segregation unit, as well as taking away 'good days' (liberty interest) is clearly cruel and unusual punishment and has no penological interest when it is based upon fraudulent documents." (Id.)

By Order entered on January 30, 2026, the undersigned determined that Plaintiff's Application to Proceed Without Prepayment of Fees and Costs was deficient because the

Certificate portion at the end of the Application is not completed by a prison official (Document No. 8, p. 2). (Document No. 13.) Accordingly, the undersigned directed that "Plaintiff's Application to Proceed Without Prepayment of Fees and Costs be returned to Plaintiff, that Plaintiff submit a complete Application to Proceed Without Prepayment of Fees and Costs including all information contained in the Certificate portion of the Application, and return such to the Court on or before March 2, 2026." (Id.) In the alternative to fully completing the Application to Proceed Without Prepayment of Fees and Costs, the Court notified Plaintiff that he could pay the Court's filing fee ($350) and administrative fee ($55) totaling $405. (Id.) On March 2, 2026, Plaintiff filed a Motion requesting another copy of his Application to Proceed Without Prepayment of Fees and Costs and additional time to submit such. (Document No. 14.) In support, Plaintiff alleged that he never received a copy of the Application to Proceed Without Prepayment of Fees and Costs. (Id.) By Order entered on March 3, 2026, the undersigned granted Plaintiff's Motion. (Document No. 15.) The undersigned further directed (i) the Clerk to send Plaintiff a copy of his incomplete Application to Proceed Without Prepayment of Fees and Costs, and (ii) Plaintiff to submit the completed Application to the Court before March 31, 2026. (Id.) On March 13, 2026, Plaintiff submitted his properly completed Application to Proceed Without Prepayment of Fees and Costs. (Document No. 16.)

## STANDARD

Pursuant to 28 U.S.C. § 1915A, the Court is required to screen each case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. On screening, the Court must recommend dismissal of the case if the complaint is frivolous, malicious or fails to state a claim upon which relief can be granted. A "frivolous" complaint is one which is based upon an indisputably meritless legal theory. Denton v. Hernandez, 504 U.S. 25, 112 S.Ct.

1728, 118 L.Ed.2d 340 (1992). A "frivolous" claim lacks "an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831 - 32, 104 L.Ed.2d 338 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." Id., 490 U.S. at 327, 109 S.Ct. at 1833. A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." Id., 490 U.S. at 327 - 328, 109 S.Ct. at 1833. A complaint therefore fails to state a claim upon which relief can be granted factually when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. With these standards in mind, the Court will assess Plaintiff's allegations in view of applicable law.

This Court is required to liberally construe *pro se* documents, holding them to a less stringent standard than those drafted by attorneys. Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976); Loe v. Armistead, 582 F.2d 1291, 1295 (1978). Liberal construction, however, "does not require courts to construct arguments or theories for a *pro se* plaintiff because this would place a court in the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." Miller v. Jack, 2007 WL 2050409, at * 3 (N.D.W.Va. 2007)(citing Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir.1978)). Further, liberal construction does not require the "courts to conjure up questions never squarely presented to them." Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). In other words, a court may not construct legal argument for a plaintiff. Small v. Endicott, 998 F.2d 411 (7th Cir.1993). Finally, the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Department of Social Servs., 901 F.2d 387 (4th Cir.1990)). Where a *pro se* Complaint

can be remedied by an amendment, however, the District Court may not dismiss the Complaint with prejudice, but must permit the amendment. Denton v. Hernandez, 504 U.S. 25, 34, 112 S.Ct. 1728, 1734, 118 L.Ed.2d 340 (1992); also see Goode v. Central Va. Legal Aide Society, Inc., 807 F.3d 619 (4th Cir. 2015).

## DISCUSSION

**1. Bivens Claim:**

"[F]ederal courts must take cognizance of the valid constitutional claims of prison inmates." Turner v. Safley, 482 U.S. 78, 84, 107 S.Ct. 2254, 2259, 96 L.Ed.2d 64 (1987). A Bivens action is a judicially created damages remedy which is designed to vindicate violations of constitutional rights by federal actors. See Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388, 395 -97, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971); See also Carlson v. Green, 446 U.S. 14, 100 S.Ct. 1468, 64 L.Ed.2d 15 (1980)(extending Bivens to Eighth Amendment claims); Davis v. Passman, 442 U.S. 228, 239 n. 18, 99 S.Ct. 2264, 2274 n. 18, 60 L.Ed.2d 846 (1979)(extending Bivens to allow citizen's recovery of damages resulting from a federal agent's violation of the Due Process Clause of the Fifth Amendment.) A Bivens action is the federal counterpart of an action under 42 U.S.C. § 1983.

**A. Claims Against Defendants in their Official Capacities:**

An action for money damages may be brought against federal agents acting under the color of their authority for injuries caused by their unconstitutional conduct. Proof of causation between the official's conduct and the alleged injury is necessary for there to be liability. A plaintiff asserting a claim under Bivens must show the violation of a valid constitutional right by a person acting under color of federal law. The United States Supreme Court has held that an inmate may name a federal officer in an individual capacity as a defendant in alleging an Eighth Amendment

constitutional violation pursuant to Bivens. See Wilson v. Seiter, 501 U.S. 294, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991). However, Bivens claims are not actionable against the United States, federal agencies, or public officials acting in their official capacities. See FDIC v. Meyer, 510 U.S. 471, 475, 484-86, 114 S.Ct. 996, 127 L.Ed. 2d 308 (1994); Berger v. Pierce, 933 F.2d 393, 397 (6th Cir. 1991); Reinbold v. Evers, 187 F.3d 348, 355 n. 7 (4th Cir. 1999).

In Plaintiff's Amended Complaint, Plaintiff specifically states that he "seeks monetary damages from each Defendant in both professional and personal capacities." (Document No. 9, p. 5.) Based upon the foregoing, the undersigned finds that Plaintiff's Bivens action against the foregoing Defendants in their official capacities should be dismissed. As stated above, Bivens claims are not actionable against defendants acting their official capacities. See Meyer, 510 U.S. at 485; also see Doe v. Chao, 306 F.3d 170 (4th Cir. 2002)("[A] *Bivens* action does not lie against either agencies or officials in their official capacities"). Accordingly, the undersigned respectfully recommends that Plaintiff's Amended Complaint be dismissed to the extent Plaintiff is asserting a Bivens action against Defendants Howell, Atakar, Crawford, and Atwell in their official capacities.

**B. Supervisory Liability:**

In his Amended Complaint, Plaintiff states that "AW Howell is being named for respondent superior." (Document No. 9, p. 4.) Plaintiff alleges that Defendant Howell "personally oversees Health Services" and "is responsible as my custodian under the law and must be named." (Id., p. 6.) Plaintiff alleges that Defendant Howell is responsible for the alleged misconduct by Defendants Atakar, Crawford, and Atwell. (Id., pp. 6 – 7.)

"Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*." Ashcroft v. Iqbal, 129 S.Ct. at

1948("Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."); Also see Monell v. Department of Social Services of the City of NY, 436 U.S. 658, 694, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Liability, however, may attach to a supervisory official if "conduct directly causing the deprivation was done to effectuate an official policy or custom for which [the official] could be liable." Fisher v. Washington Metro. Area Transit Auth., 690 F.2d 1133, 1142-43 (4th Cir. 1982), *abrogated on other grounds by* County of Riverside v. McLaughlin, 500 U.S. 44, 111 S.Ct. 1661, 114 L.Ed.2d 49 (1991). Further, supervisory officials may be liable for acts of their subordinates where "supervisory indifference or tacit authorization of subordinates' misconduct may be a causative fact in the constitutional injuries they inflict on those committed to their care." Slakan v. Porter, 737 F.2d 368, 373 (4th Cir. 1984). Thus, the inquiry for the Court is whether the Defendant individually "acted wantonly, obdurately, or with deliberate indifference to the pervasive risk of harm." Moore v. Winebrenner, 927 F.2d 1312, 1315 (4th Cir. 1991).

Plaintiff has failed to demonstrate specifically how Defendant Howell was personally involved in violating any of Plaintiff's constitutional rights. A Bivens action is a judicially created damages remedy which is designed to vindicate violations of constitutional rights by federal actors. See Bivens, 403 U.S. at 395 -97, 91 S.Ct. 1999. A plaintiff asserting a claim under Bivens must show the violation of a valid constitutional right by a person acting under color of federal law. Proof of causation between the official's conduct and the alleged injury, however, is necessary for there to be liability. In the instant case, Plaintiff completely fails to allege any facts as to how Defendant Howell's actions violated his constitutional rights. Essentially, Plaintiff indicates that

Defendant Howell violated his constitutional rights with respect to his failure to supervise employees. Again, there is no allegation or indication that Defendant Howell had any personal involvement or tacitly authorized any subordinates' misconduct. Accordingly, Plaintiff has improperly raised his claim against Defendant Howell under the doctrine of *respondeat superior* and has failed to establish supervisory liability. The undersigned, therefore, respectfully recommends that Plaintiff's claims against Defendant Howell be dismissed for failure to state a cognizable claim.

**C. Due Process Challenge to Incident Report and Loss of Good Time Credit:**

In his Amended Complaint, Plaintiff appears to allege that his due process rights were violated because he was improperly convicted during prison disciplinary proceedings of charges contained in an incident report. (Document No. 9.) Specifically, Plaintiff states that Defendant Atwell "committed fraud on a misconduct report" on or about October 14, 2025. (Id.) Plaintiff states that "[f]ive witnesses had heard [Defendant Atwell] commit this fraud." (Id.) Plaintiff alleges that the fraudulent "misconduct report" resulted in Plaintiff being improperly placed in segregation and losing good time credits. (Id.)

In Heck v. Humphrey, 512 U.S.477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994) the Supreme Court established the following test to determine whether a prisoner's claim for violation of due process in the context of a criminal proceeding is cognizable under 42 U.S.C. § 1983.

> In order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus,

> when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

Heck, 512 U.S. at 487, 114 S.Ct. at 2372-73; see also Poston v. Shappert, 222 Fed.Appx. 301 (4th Cir. 2007)(applying *Heck* rationale to bar claims for damages under Section 1983 and *Bivens*); Messer v. Kelly, 129 F.3d 1259 (4th Cir. 1997)(stating that the rationale in *Heck* applies in *Bivens* actions).

The Supreme Court applied the Heck rule to prison disciplinary proceedings in Edwards v. Balisok, 520 U.S. 641, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997), when it held that, in the context of prison disciplinary hearings that result in the loss of good-time credits, challenges to prison hearing procedures which necessarily imply the invalidity of the judgment must be pursued in *habeas corpus*, not in a Section 1983 action. In Balisok, the inmate alleged that he was denied the opportunity to put on a defense due to the deceit and bias of the hearing officer. The Court held "that [Balisok's] claim for declaratory relief and money damages, based on allegations of deceit and bias on the part of the decision maker that necessarily imply the invalidity of the punishment imposed, is not cognizable under § 1983." Edwards, 520 U.S. at 648, 117 S.Ct. at 1589. Accordingly, the undersigned proposes that the District Court find (1) that Plaintiff alleges that he was denied due process in connection with his prison disciplinary hearing, (2) that his contentions imply the invalidity of the disciplinary hearings, (3) that there has been no invalidation of the disciplinary hearing, and (4) that his claim is therefore barred.

**D. Eighth and Fourteenth Amendment Claims:**

In his Amended Complaint, Plaintiff alleges that Defendants Crawford, Atakar, and Atwell violated his Eighth and Fourteenth Amendment rights by acting with deliberate indifference concerning his alleged severe medical condition (mesial temporal sclerosis) by taking away his "self-carry medicine" causing Plaintiff to suffer two seizures that were allegedly life-threatening. Initially, the undersigned finds that Plaintiff has failed to state a plausible claim for relief pursuant to the Fourteenth Amendment. A pretrial detainee may bring a deliberate indifference claim under the Due Process Clause of the Fourteenth Amendment. Short .v Hartman, 87 F.4th 593, 611 (4th Cir. 2023)(citing Kingsley v. Hendrickson, 576 U.S. 389, 398, 135 S.Ct. 2466, 192 L.Ed.2d 416 (2015)). At the time of the alleged deliberate indifference caused by Defendants Crawford, Atakar, and Atwell, Plaintiff was a post-conviction inmate – not a pretrial detainee. As a post-conviction inmate, Plaintiff must pursue his deliberate indifference claim under the Eighth Amendment – not the Fourteenth Amendment. See City of Revere v. Massachusetts General Hospital, 463 U.S. 239, 244, 103 S.Ct. 2979, 77 L.Ed.2d 605 (1983). Accordingly, the undersigned finds that Plaintiff has failed to state a claim upon which relief can be granted concerning his Fourteenth Amendment deliberate indifference claim.

Next, the undersigned will consider Plaintiff's deliberate indifference claim under the Eighth Amendment. As a general matter, punishments prohibited under the Eighth Amendment include those that "involve the unnecessary and wanton infliction of pain." Estelle v. Gamble, 429 U.S. 97, 103, 97 S.Ct. 285, 290, 50 L.Ed.2d 251 (1976)(quoting Gregg v. Georgia, 428 U.S. 153, 173, 96 S.Ct. 2909, 2925, 49 L.Ed.2d 859 (1976)). "It not only outlaws excessive sentences but also protects inmates from inhumane treatment and conditions while imprisoned." Williams v. Benjamin, 77 F.3d 756, 761 (4th Cir. 1996). Under the Eighth Amendment, sentenced prisoners

are entitled to "adequate food, clothing, shelter, sanitation, medical care and personal safety." Wolfish v. Levi, 573 F.2d 118, 125 (2d Cir. 1978), rev'd on other grounds, Bell v. Wolfish, 441 U.S. 520, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979). Thus, sentenced prisoners are entitled to reasonable protection from harm at the hands of fellow inmates and prison officials under the Eighth Amendment. See Farmer v. Brennan, 511 U.S. 825, 832-34, 114 S.Ct. 1970, 1976-77, 128 L.Ed.2d 811 (1994); Trop v. Dulles, 356 U.S. 86, 102, 78 S.Ct. 590, 598-99, 2 L.Ed.2d 630 (1958); Woodhous v. Commonwealth of Virginia, 487 F.2d 889, 890 (4th Cir. 1973). Inmates' claims, therefore, that prison officials disregarded specific known risks to their health or safety are analyzed under the deliberate indifference standard of the Eighth Amendment. See Pressly v. Hutto, 816 F.2d 977, 979 (4th Cir. 1987); Moore v. Winebrenner, 927 F.2d 1312, 1316 (4th Cir. 1991) cert. denied, 502 U.S. 828, 112 S.Ct. 97, 116 L.Ed.2d 68 (1991)(Stating that supervisory liability may be imposed where prison supervisors "obdurately," "wantonly," or "with deliberate indifference" fail to address a known pervasive risk of harm to an inmate's health or safety). To establish a violation of the Eighth Amendment in the context of a challenge to conditions of confinement, an inmate must allege (1) a "sufficiently serious" deprivation under an objective standard and (2) that prison officials acted with "deliberate indifference" to the inmate's health and safety under a subjective standard. Wilson v. Seiter, 501 U.S. 294, 297 - 99, 111 S.Ct. 2321, 2323 - 2325, 115 L.Ed.2d 271 (1991); also see King v. Rubenstein, 825 F.3d 206, 218 (4th Cir. 2016)(quoting Strickler v. Waters, 989 F.2d 1375, 1379 (4th Cir. 1993))("[T]o make out a prima facie case that prison conditions violate the Eighth Amendment, a plaintiff must show both '(1) a serious deprivation of a basic human need; and (2) deliberate indifference to prison conditions on the part of prison officials.'"); Iko v. Shreve, 535 F.3d 225, 239 (4th Cir. 2008)(explaining that the

above requirements "spring from the text of the amendment itself; absent intentionality, a condition imposed upon an inmate cannot properly be called 'punishment,' and absent severity, a punishment cannot be called 'cruel and unusual.'") To satisfy the objective component, Plaintiff must show that the challenged condition caused or constituted an extreme deprivation. De'Lonta v. Angelone, 330 F.3d 630, 634 (4th Cir. 2003). To demonstrate an "extreme deprivation," a plaintiff "must allege a serious or significant physical or emotional injury resulting from the challenged conditions or demonstrate a substantial risk of such serious harm resulting from [her] exposure to the challenged conditions." Odom v. South Caroline Dept. of Corrections, 349 F.3d 765, 770 (4th Cir. 2003); also see Wilson v. Seiter, 501 U.S. at 298, 111 S.Ct. at 2321(A sufficiently serious deprivation occurs when "a prison official's act or omission . . . result[s] in the denial of the minimal civilized measure of life's necessities."); White v. Gregory, 1 F.3d 267, 269 (4th Cir. 1991)("In *Strickler*, we held that a prisoner must suffer 'serious or significant physical or mental injury' in order to be 'subjected to cruel and unusual punishment within the meaning of the' Eighth Amendment.") To satisfy the subjective component, Plaintiff must demonstrate a "deliberate indifference" to her health and safety by defendants. In particular, Plaintiff must establish that each Defendant "knows of and disregards an excessive risk to inmate health and safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, 511 U.S. at 837, 114 S.Ct. at 1979. Plaintiff in this case must therefore allege and establish that each Defendant was aware of the excessive risk to Plaintiff's health or safety and each Defendant disregarded that risk.

In his Amended Complaint, Plaintiff alleges that Defendants Crawford, Atakar, and Atwell acted with deliberate indifference to his health in violation of the Eighth Amendment by knowingly

taking away his "self-carry medicine" causing Plaintiff to suffer two seizures that were allegedly life-threatening. Liberally construing Plaintiff's Amended Complaint, the undersigned concludes that Plaintiff has alleged a facially plausible claim under the Eighth Amendment again Defendants Crawford, Atakar, and Atwell.

**2. Monell Claim:**

In his Amended Complaint, Plaintiff generally alleges and concludes that he is asserting a "Monell claim" based upon the Defendants Howell and Crawford's alleged failure to supervise and train subordinates. (Document No. 9.)

Title 42 U.S.C. § 1983 provides, in relevant part, as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

Id. Local government units are "persons" under Section 1983 and are subject to suit. Monell v. Dep't of Social Services, 436 U.S. 658, 690, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Liability of a local government, however, must be direct. Id.("[A] municipality cannot be held liable *solely* because it employes a tortfeasor – or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory.")(emphasis in original); also see Board of County Commissioners of Bryan County v. Brown, 520 U.S. 397, 404, 117 S.Ct. 1382, 1388, 137 L.Ed. 626 (1997)(finding that a local government is liable under Section 1983 only when "through its deliberate conduct, the [local government] was the 'moving force' behind the injured alleged.") Thus, a respondeat superior theory of liability is insufficient. Id. A local government cannot be sued under Section 1983 for injuries caused by its employees or agents unless it is the "execution

of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy" that cause the injury. Monell, 436 U.S. at 694, 98 S.Ct. 2018; also see Semple v. City of Moundsville, 195 F.3d 708, 712 (4th Cir. 1999)("[P]laintiffs seeking to impose liability on a municipality must, therefore, adequately plead and prove the existence of an official policy or custom that is fairly attributable to the municipality and that proximately caused the deprivation of their rights.")

In the instant case, Plaintiff asserts no allegations against State actors or local governments or municipalities. Additionally, there is no allegation that any Defendant violated Plaintiff's constitutional rights by acting in concert or jointly with state actors, governments, or municipalities. See House v. National Park Service, 2024 WL 3401049, * 5 - 6 (D.N.M. July 12, 2024)(finding plaintiff failed to state a *Monell* claim against federal actors where the complaint included "no factual allegations supporting a contention that [federal defendants] acted jointly or in concert with a state actor to violation Plaintiff's constitutional rights.") Accordingly, the undersigned respectfully recommends that the District Court find Plaintiff has failed to state a cognizable "Monell claim" against Defendants.

**3. Americans with Disabilities Act:**

In his Amended Complaint, Plaintiff appears to generally allege and conclude that the alleged denial of access to Plaintiff's seizure medications violated his right under the Americans with Disabilities Act ("ADA"). (Document No. 9, p. 7.) The ADA was enacted "to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities" and "to provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities." 42 U.S.C. § 12101(b)(1) and (2). The ADA

provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a *public entity*, or be subject to discrimination by an such entity." 42 U.S.C. § 12132(emphasis added). A "public entity" is defined as "a state or local government," "any department, agency, special purpose district, or other instrumentality of a State or States or local government," or "the National Railroad Passenger Corporation, and any commuter authority (as defined in section 24102(4) of Title 49)." 42 U.S.C. § 12131(1). Thus, the ADA applies to state prisons – not federal prisons. See Pennsylvania Dept. of Corrections v. Yeskey, 524 U.S. 206, 210, 118 S.Ct. 1952, 141 L.Ed.2d 215 (1998)("The plain text of Title II of the ADA unambiguously extends to state prison inmates."); Dyrek v. Garvey, 334 F.3d 590, 597, n. 3 (7th Cir. 2003)(finding that "the ADA does not apply to federal agencies."); Cellular Phone Taskforce v. F.C.C., 217 F.3d 72, 73 (2nd Cir. 2000)(federal agency "cannot be made liable under Title II of the ADA"); Crowder v. True, 1993 WL 532455, * 5 (N.D.Ill. Dec. 21, 1993), aff'd, 74 F.3d 812 (7th Cir. 1996)(affirming dismissal of ADA claim brought by federal prisoner because federal defendants are not subject to the ADA); Mathis v. Ziegler, 2020 WL 6797038, * 11 (S.D.W.Va. July 16, 2020), report and recommendation adopted, 2020 WL 5088695 (S.D.W.Va. Aug. 28, 2020), aff'd, 2022 WL 385539 (4th Cir. Feb. 8, 2022)("[T]he ADA applies to state prisons – not federal prisons."); Jones v. United States, 2018 WL 1066778, * 1 (N.D.W.Va. Oct. 23, 2018)("Because the ADA, by definition, does not apply to the federal government or federal agency, [plaintiff] cannot maintain an ADA claim against the BOP or its employees.") also see Majors v. United States, 2018 WL 4677865 (N.D.W.Va. Jan. 8, 2018)("The ADA does not contain a wavier of sovereign immunity and thus, does not apply to the Federal Government.") Additionally, the ADA does not recognize a cause of action against private

individuals or individuals sued in their individual capacity. Assi v. Western Regional Jail, 2019 WL 6769013, * 7 (S.D.W.Va. Nov. 21, 2019), report and recommendation adopted, 2019 WL 6740613 (S.D.W.Va. Dec. 11, 2019); also see Pathways Psychosocial v. Town of Leonardtown, MD, 133 F.Supp.2d 772, 780 (D.Md. 2001)("Title II of the ADA does not recognize a cause of action for discrimination by private individuals, only public entities."); Allen v. Carrington, 2009 WL 2877557, * 4 (D.S.C. Aug. 28, 2009), aff'd, 372 Fed.Appx. 390 (4th Cir. 2010)("Individual defendants cannot be liable under Title II of the ADA or the Rehabilitation Act in their individual capacities."). Based upon the foregoing, the undersigned respectfully recommends that Plaintiff's ADA claim against the Defendants be dismissed.

**4. FTCA Claim:**

The FTCA authorizes suits against the United States for damages for injuries or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the United States while acting within the scope of his or her office or employment under circumstances where the United States, if a private person, would be liable in accordance with the law of the place where the act or omission occurred. Thus, an inmate "can sue under the FTCA to recover damages from the United States Government for personal injuries sustained during confinement in a federal prison, by reason of the negligence of a government employee." United States v. Muniz, 374 U.S. 150, 83 S.Ct. 1850, 10 L.Ed.2d 805 (1963). The FTCA provides in Section 2674 as follows:

> The United States shall be liable, respecting the provisions of this title relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances, but shall not be liable for interest prior to judgment or for punitive damages.

The FTCA does not create a new cause of action. Medina v. United States, 259 F.3d 220,

223 (4th Cir. 2001). The statute merely waives sovereign immunity and "permits the United States to be held liable in tort in the same respect as a private person would be liable under the law of the place where the act occurred." Id. Thus, the FTCA is a limited waiver of sovereign immunity. Section 2680, however, exempts from the waiver certain categories of claims. See 28 U.S.C. §§ 2680(a)-(n). In his Amended Complaint, Plaintiff specifically states that she is asserting a claim of negligence. (Document No. 9.) Plaintiff appears to allege that Defendants Atakar and Crawford breached their duty of care to Plaintiff with regard to his medical needs for seizure medication and was the proximate cause of Plaintiff's suffering to severe seizures. Liberally construing Plaintiff's Amended Complaint, the undersigned concludes that Plaintiff has alleged a facially plausible claim against the United States[3] under the FTCA.

## PROPOSAL AND RECOMMENDATION

The undersigned therefore respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **DISMISS** Plaintiff's Amended Complaint as to the following: (1) Bivens claim against Defendants Howell, Atakar, Crawford, and Atwell in their official capacities; (2) Claim of a due process violation; (3) Claim of Fourteenth Amendment violation; (4) All claims against Defendant Howell; (5) Monell claim; and (6) Claim of ADA violation; and **REFER** this matter back to the undersigned for further proceedings concerning Plaintiff's Bivens claim of deliberate indifference against Defendants Crawford, Atakar, and Atwell and FTCA claim of medical negligence against the United States.[4]

---

[3] As stated above, the FTCA authorizes suits against the United States and not individuals. Given Plaintiff's *pro se* status, the undersigned will liberally construe Plaintiff's Amended Complaint as naming the United States of America as a Defendant concerning his FTCA claim. Accordingly, it is hereby **ORDERED** that the Clerk add the United States of America as a Defendant.

[4] By separate Order entered this day, the undersigned has granted Plaintiff's Application to Proceed Without Prepayment of Fees and Costs and directed that the Clerk's Office to issue process upon

The Plaintiff is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States Chief District Judge Frank W. Volk. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days (filing of objections) and three (3) days (if received by mail) from the date of filing of this Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, Chief District Judge Volk and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Plaintiff, who is acting *pro se*.

Date: August 19, 2026.

Omar J. Aboulhosn
United States Magistrate Judge

---

(1) Crawford, Atakar, and Atwell as to Plaintiff's *Bivens* claim of deliberate indifference in violation of the Eighth Amendment, and (2) the United States as to Plaintiff's FTCA claim of medical negligence.