**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF WEST VIRGINIA**
**AT BECKLEY**

CHRISTIAN CASTRO,

Plaintiff,

v. CIVIL ACTION NO. 5:25-cv-00621

ACTING WARDEN HOWELL, *FCI Beckly*, and
MELISSA CRAWFORD, *Health Services Administrator*, and
L.T. ATAKAR, *Chief Pharmacist*, and
OFFICER ATWELL, *Individual and Professional Capacity*, and
UNITED STATES OF AMERICA,

Defendants.

**ORDER**

Pending is Plaintiff Christian Castro's Amended Complaint, filed December 17, 2025. [ECF 9]. This action was previously referred to the Honorable Omar J. Aboulhosn, United States Magistrate Judge, for submission of proposed findings and a recommendation ("PF&R"). Magistrate Judge Aboulhosn filed his PF&R on August 19, 2026. [ECF 19]. Magistrate Judge Aboulhosn recommended that the Court dismiss Plaintiff's complaint as to (1) the *Bivens* claim against Defendants Howell, Atakar, Crawford, and Atwell in their official capacities, (2) the due process claim, (3) the Fourteenth Amendment claim, (4) all claims against Defendant Howell, (5) the *Monell* claim, and (6) the Americans with Disabilities Act claim. [ECF 19 at 19]. Further, Magistrate Judge Aboulhosn recommended that the Court refer this matter back to the undersigned for further proceedings regarding (1) Plaintiff's *Bivens* claim of deliberate indifference against Defendants Atakar, Crawford, and Atwell and (2) the medical negligence claim made under the Federal Tort Claim Act against the United States. [*Id.*]

The Court need not review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140 (1985); *see also* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations *to which objection is made*." (emphasis added)). Failure to file timely objections constitutes a waiver of de novo review and the Plaintiff's right to appeal the Court's order. *See* 28 U.S.C. § 636(b)(1); *see also United States v. De Leon-Ramirez*, 925 F.3d 177, 181 (4th Cir. 2019) (Parties may not typically "appeal a magistrate judge's findings that were not objected to below, as § 636(b) doesn't require de novo review absent objection."); *Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989). Further, the Court need not conduct de novo review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Objections in this case were due on September 8, 2026. No objections were filed.

Accordingly, the Court **ADOPTS** the PF&R [ECF 19], **DISMISSES** Plaintiff's (1) *Bivens* claim against Defendants Howell, Atakar, Crawford, and Atwell in their official capacities, (2) due process claim, (3) Fourteenth Amendment claim, (4) remaining claims against Defendant Howell, (5) *Monell* claim, and (6) Americans with Disabilities Act claim and **REFERS** this matter back to the undersigned for further proceedings regarding Plaintiff's (1) claim of deliberate indifference against Defendants Atakar, Crawford, and Atwell and (2) medical negligence claim against the United States.

The Court **DIRECTS** the Clerk to transmit a copy of this Order to any counsel of record and any unrepresented party.

ENTER: September 15, 2026

Frank W. Volk
Chief United States District Judge